**FENNEMORE CRAIG P.C.**
ANDREW M. FEDERHAR (No. 006567)
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Phone (602) 916-5000

**KIRKLAND & ELLIS LLP**
STEVEN C. CHERNY (Pro hac vice to be filed)
153 East 53rd Street
New York, New York 10022
Phone (212) 446-4800

AMANDA J. HOLLIS (Pro hac vice to be filed)
ELIZABETH A. NEMO (Pro hac vice to be filed)
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone (312) 862-2000

**WOLF, GREENFIELD & SACKS, P.C.**
JOHN L. STRAND (Pro hac vice to be filed)
600 Atlantic Avenue
Boston, Massachusetts 02210
Phone (617) 646-8000

*Attorneys for Plaintiff Bard Peripheral Vascular, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Bard Peripheral Vascular, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Atrium Medical Corp. and Endologix, Inc., <br><br> *Defendants*. | No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Bard Peripheral Vascular, Inc. ("Bard"), by way of this Complaint, hereby demands a jury trial and alleges the following against Defendants Atrium Medical Corp. and Endologix, Inc.:

**Parties**

1)  Bard is an Arizona corporation with its principal place of business at 1625 West 3rd Street, Tempe, Arizona 85281.  Bard is engaged in the manufacture and sale of medical products, including ePTFE prosthetic vascular grafts.

2)  Upon information and belief, Atrium Medical Corporation ("Atrium") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 5 Wentworth Drive, Hudson, New Hampshire, 03051.  Atrium makes, sells, offers for sale, and/or uses medical products, including ePTFE prosthetic vascular grafts.  On information and belief these medical products, including ePTFE prosthetic vascular grafts, are distributed throughout the United States, including within the District of Arizona.

3)  Upon information and belief, Endologix, Inc. ("Endologix") is a corporation organized and existing under the laws of Delaware with a principal place of business at 11 Studebaker, Irvine, California 92618.  Endologix makes, sells, offers for sale, and/or uses medical products, including ePTFE prosthetic vascular grafts.  On information and belief, these medical products, including ePTFE prosthetic vascular grafts, are distributed throughout the United States, including within the District of Arizona.

**Jurisdiction and Venue**

4)  Paragraphs 1–3 are hereby incorporated by reference as if fully stated herein.

5)  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6)  This Court has personal jurisdiction over Atrium and Endologix.

7)  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**Patent in Suit**

8) On August 20, 2002 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,436,135 ("the '135 patent"), entitled "Prosthetic Vascular Graft." A true and accurate copy of the '135 patent is attached hereto as Exhibit A. The claims of the '135 patent are valid and enforceable.

9) Bard owns the '135 patent and all substantive rights in and to the '135 patent, including the sole and exclusive right to prosecute this action and enforce the '135 patent against infringers and to collect damages for all relevant times.

**Patent Infringement**

**Atrium**

10) Atrium directly infringes, and has infringed, claims 21, 22, and 24 of the '135 patent by making, using, selling, and/or offering for sale products that infringe these claims of the '135 patent. Such products include expanded polytetrafluoroethylene (ePTFE) prosthetic vascular grafts including, for example, the Advanta™ VS PTFE Vascular Graft, Advanta™ SST PTFE Vascular Graft, Advanta™ VXT PTFE Vascular Graft, FLIXENE™ Composite Vascular Graft, Advanta™ V12 covered stent, V12 large diameter covered stent, and iVENA™ PTFE vascular patch.

11) Atrium induces infringement, and has induced infringement, of claims 21, 22, and 24 of the '135 patent by knowingly and intentionally causing or encouraging others to use, sell, and/or offer for sale products that infringe these claims of the '135 patent. Such products include ePTFE prosthetic vascular grafts including, for example, the Advanta™ VS PTFE Vascular Graft, Advanta™ SST PTFE Vascular Graft, Advanta™ VXT PTFE Vascular Graft, FLIXENE™ Composite Vascular Graft, Advanta™ V12 covered stent, V12 large diameter covered stent, and iVENA™ PTFE vascular patch.

12) Atrium has, and has had, knowledge of the '135 patent and of its infringement thereof. Atrium's infringement of the '135 patent has been and continues to be willful and deliberate. Atrium's willful and deliberate infringement entitles Bard to enhanced damages under 35 U.S.C. § 284.

13) Bard has been damaged as a result of Atrium's infringing conduct. Atrium is thus liable to Bard in an amount that adequately compensates Bard for Atrium's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

14) Atrium's direct and indirect infringement is causing and will continue to cause Bard irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Bard is entitled to a permanent injunction against further infringement.

**Endologix**

15) Endologix directly infringes, and has infringed, claims 21, 22, and 24 of the '135 patent by making, using, selling, and/or offering for sale products that infringe these claims of the '135 patent. Such products include ePTFE prosthetic vascular grafts including, for example, Endologix Powerlink ePTFE stent grafts.

16) Endologix induces infringement, and has induced infringement, of claims 21, 22, and 24 of the '135 patent by knowingly and intentionally causing or encouraging others to use, sell, and/or offer for sale products that infringe these claims of the '135 patent. Such products include ePTFE prosthetic vascular grafts including, for example, Endologix Powerlink ePTFE stent grafts.

17) Endologix has, and has had, knowledge of the '135 patent and of its infringement thereof. Endologix's infringement of the '135 patent has been and continues to be willful and deliberate. Endologix's willful and deliberate infringement entitles Bard to enhanced damages under 35 U.S.C. § 284.

18)     Bard has been damaged as a result of Endologix's infringing conduct.  Endologix is thus liable to Bard in an amount that adequately compensates Bard for Endologix's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

19)     Endologix's direct and indirect infringement is causing and will continue to cause Bard irreparable harm, for which there is no adequate remedy at law.  Under 35 U.S.C. § 283, Bard is entitled to a permanent injunction against further infringement.

**Jury Demand**

20)     Bard hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**Prayer For Relief**

WHEREFORE, Bard requests that this Court find in Bard's favor and against each of the named Defendants, and that the Court grant Bard the following relief:

(a) A judgment that claims 21, 22 and/or 24 of the '135 patent are infringed, either directly or indirectly, by Atrium's manufacture, offers to sell, sales, or uses within the United States, of products, including without limitation ePTFE prosthetic vascular grafts, that practice the invention claimed in the '135 patent;

(b) A judgment that claims 21, 22 and/or 24 of the '135 patent are infringed, either directly or indirectly, by Endologix's manufacture, offers to sell, sales, or uses within the United States, of products, including without limitation ePTFE prosthetic vascular grafts, that practice the invention claimed in the '135 patent;

(c) An order permanently enjoining Atrium and Endologix, their affiliates and subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with them, from making, offering to sell, selling, or using products claimed in claims 21, 22, and/or 24 of the '135 patent, and from causing or encouraging others to use, sell, and/or offer for sale products that infringe these claims of the '135 patent, including without limitation ePTFE prosthetic vascular grafts, until after the expiration date of the '135 patent, including any extensions and/or additional periods of exclusivity to which Bard is or becomes entitled;

(d) An order awarding damages under 35 U.S.C. § 284 in an amount sufficient to compensate Bard for its damages arising from direct and indirect infringement by Atrium and Endologix, including, but not limited to, lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest, and costs;

(e) An order awarding treble damages for willful infringement by Atrium and Endologix, pursuant to 35 U.S.C. § 284;

(f) A judgment including pre-judgment interest under A.R.S. § 44-1201 at 10%;

(g) An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

(h) A judgment declaring that this case is exceptional and awarding Bard reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285; and

(i) Such further and other relief as this Court deems proper and just.

Date:   August 10, 2010              Respectfully submitted,


/s/ Andrew M. Federhar
**FENNEMORE CRAIG P.C.**
ANDREW M. FEDERHAR (No. 006567)
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Phone (602) 916-5000

**KIRKLAND & ELLIS LLP**
STEVEN C. CHERNY
153 East 53rd Street
New York, New York 10022
Phone (212) 446-4800

AMANDA J. HOLLIS
ELIZABETH A. NEMO
300 N. LaSalle Dr.
Chicago, IL 60654
Phone (312) 862-2000

**WOLF, GREENFIELD & SACKS, P.C.**
JOHN L. STRAND
600 Atlantic Avenue
Boston, Massachusetts 02210
Phone (617) 646-8000

*Attorneys for Plaintiff Bard Peripheral Vascular, Inc.*